**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

| | |
|---|---|
| **ELICIA M. HUGHES AND THE LAW FIRM** | |
| **OF SWEET & ASSOCIATES** | **PLAINTIFFS** |
| | |
| **VS.** | **CIVIL ACTION NO. 3:08cv246-HTW-LRA** |
| | |
| **METLIFE GENERAL INSURANCE COMPANY, INC.,** | |
| **METLIFE GROUP, INC., METLIFE INVESTORS** | |
| **USA INSURANCE COMPANY; METROPOLITAN LIFE** | |
| **INSURANCE COMPANY, AND JOHN DOES 1-10** | **DEFENDANTS** |
| | |
| **METROPOLITAN LIFE** | |
| **INSURANCE COMPANY** | **COUNTERCOMPLAINANT IN INTERPLEADER** |
| | |
| **vs.** | **CIVIL ACTION NO. 3:08cv246-HTW-LRA** |
| | |
| **ELICIA M. HUGHES AND THE LAW FIRM** | |
| **OF SWEET & ASSOCIATES** | **COUNTERDEFENDANTS IN INTERPLEADER** |
| | |
| **AND** | |
| | |
| **WILLIE HUGHES, PATRICIA HUGHES AND** | |
| **THE ESTATE OF BRIAN HUGHES** | |
| | **THIRD-PARTY DEFENDANTS IN INTERPLEADER** |

**AGREED ORDER DISCHARGING AND DISMISSING**
**METROPOLITAN LIFE INSURANCE COMPANY**
**AND FINAL JUDGMENT OF DISMISSAL**

This cause having come on for hearing on the Joint Motion *ore tenus* of Plaintiff, Defendants, and Third-Party Defendants for the entry of an Order authorizing Metropolitan Life Insurance Company ("MetLife") to deposit funds into the Registry of the Court, discharging MetLife from further liability, authorizing the clerk to distribute the subject funds, and dismissing this action,

and all claims asserted herein, with prejudice, and the Court, having considered said Motion and being fully advised in the premises, finds that:

1. At all times relevant to this action, Delphi Corporation maintained an "employee welfare benefit plan" as defined by ERISA 29 U.S.C. § 1002(1), named the Delphi Automotive Corporation Plan (the "Plan"). The Plan provided to participants thereunder basic life and extra accident coverage funded by a group insurance policy numbered 95743 issued by MetLife to Delphi Corporation (the "Policy").

2. Brian L. Hughes, a participant in the Plan, was killed by a gunshot wound to the Chest on June 3, 2004. As a result of his death, basic life benefits are due under the Plan in the amount of $53,125.00 and extra accident insurance benefits are due in the amount of $26,562.50, for a total of $79,687.50.

3. The Designation of Beneficiary form for life and accident benefits provided under the Plan and signed by Brian Hughes on March 19, 2003, lists Elicia Hughes as the primary beneficiary and does not list any contingent beneficiaries.

4. Elicia Hughes was subsequently charged with Brian Hughes' murder and was convicted following the initial trial. However, this conviction was overturned by the trial court, and, in a second trial, Elicia Hughes was found not guilty on or about November 16, 2007.

5. On or about November 20, 2007, Elicia Hughes executed an assignment transferring her rights to the benefits under the Plan to the law firm of Sweet & Associates, a sole proprietorship owned by Dennis Sweet

6. In November 2007, MetLife received a Claimant's Affidavit from Patricia Hughes, mother of Brian Hughes, making claim to the subject benefits and further stating that Willie Hughes

was the father of Brian Hughes, and that Brian Hughes had four children: DerekStewart, Shane Davis, Kobie Hughes, and Leah Hughes.

7. On December 3, 2007, MetLife received a letter from Sanford E. Knott, an attorney representing Patricia Hughes in a wrongful death lawsuit against Elicia Hughes arising out of Brian Hughes' death and requesting that before any claim is paid out under the Plan, MetLife contact his office.

8. The Plan provides, "If there is no Beneficiary at YOUR death for any amount of benefits payable because of YOUR death, that amount will be paid to YOUR estate. However, we may instead, at our discretion, pay all or part of that amount, generally in the following order, to one or more of the following persons who are related to YOU and who survive YOU: (a) spouse; (b) child(ren); (c) parent(s)."

9. On or about February 29, 2008, Elicia Hughes and Sweet & Associates filed a First Amended Complaint against MetLife in the County Court of Hinds County, Mississippi, being Cause No. 251-08-588COV on the docket of said court. MetLife thereafter removed the action to this court

10. MetLife has answered the Amended Complaint and also filed an Amended Counterclaim and Third-party Complaint in Interpleader through which it requested that it be allowed to deposit the sum of $79,687.50, plus statutory interest, if any, into the registry of this court pending judicial determination as to who should receive said proceeds and further prayed that all parties named herein be required to assert their claims, if any, thereto, and that the Court adjudicate who is the proper recipient or recipients of the Plan Benefits.

11. The Court has jurisdiction over the parties and of the subject matter herein.

12. The Court has been advised that a settlement has been reached between the claimants

to the subject Plan benefits.

       IT IS, THEREFORE, ORDERED AND ADJUDGED as follows:

       1.     That MetLife is authorized to deposit and the Clerk of the Court is authorized and directed to accept the sum of $79,687.50, plus statutory interest, if any, into the registry of the Court.

       2.     That the aforesaid sum of $79,687.50 represents the full amount due under the Delphi Automotive Corporation Plan as a result of the death of Brian L. Hughes.

       3.     That MetLife, Delphi, and the Delphi Automotive Corporation Plan should be, and hereby are, fully discharged from any further liability for the Plan Benefits as a consequence of the death of Brian L. Hughes.

       4.     That all parties named herein including Elicia Hughes, Dennis Sweet, Patricia Hughes, Willie Hughes and the Estate of Brian Hughes, their agents, attorneys, heirs, devisees, legatees, personal representatives, successors and assigns, should be, and they hereby are, forever barred, enjoined and restrained from asserting any and all claims, demands, actions or causes of action against MetLife, Delphi, or the Delphi Automotive Corporation Plan, their agents, employees, officers, directors, successors, and assigns, which in any manner pertain to, relate to, or arise from the subject employee welfare benefit plan.

       5.     That the Clerk of this Court is authorized and directed to distribute the funds deposited by MetLife as follows:  Fifty Thousand and no/100 Dollars ($50,000.00) to be paid to Sweet and Associates; and the remainder consisting of Twenty Nine Thousand Six Hundred Eighty Seven and 50/100 Dollars ($29,687.50), plus interest, if any, to Eddie Jean Carr, Administratrix of the Estate of Brian L. Hughes.

6. That this cause be and the same is hereby dismissed with prejudice with each party to bear its own costs.

ORDERED AND ADJUDGED, this the 28th day of August, 2008.

**s/ HENRY T. WINGATE**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

**AGREED AND APPROVED:**

| | |
|---|---|
| /s/ Dennis C. Sweet<br>Dennis C. Sweet, III (MSB No.: 8105)<br>Warren L. Martin, Jr. (MSB No.: 101528)<br>Attorney for Elicia Hughes and Sweet & Associates | /s/ Kenna L. Mansfield, Jr.<br>Kenna L. Mansfield, Jr. (MSB No.: 1855)<br>Attorney for Metropolitan Life Insurance Company |
| /s/ Sanford Knott<br>Sanford Knott (MSB No.: 8477)<br>Attorney for Willie Hughes, Patricia Hughes, and Eddie Jean Carr, Administratrix of the Estate of Brian L. Hughes | |

**CIVIL ACTION NO. 3:08cv246-HTW-LRA**

**AGREED ORDER DISCHARGING AND DISMISSING METROPOLITAN LIFE INSURANCE COMPANY AND FINAL JUDGMENT OF DISMISSAL**